IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTHONY G. LEE and ) | |
| JEFF D. LEE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:12-cv-74-MEF |
| ) | [WO – Do Not Publish] |
| LILLY TRUCKING OF VIRGINIA, ) | |
| INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on a January 25, 2012 Notice of Removal (Doc. # 1) filed by Defendants Lilly Trucking of Virginia, Inc., Dennis C. Lilly, and Sharon L. Lilly (collectively "Defendants"), and a Motion to Remand (Doc. # 6) filed by Plaintiffs Anthony G. Lee and Jeff D. Lee ("Plaintiffs"). The issues having been fully briefed, and after careful consideration of the law and the arguments of counsel, the Court finds that Plaintiffs' motion to remand is due to be **DENIED**.

### I. BACKGROUND

On July 26, 2011, Plaintiffs, citizens of Alabama for diversity purposes, filed suit against Defendants, citizens of Florida and/or Virginia, in the Circuit Court of Autauga County, Alabama. The Complaint (Doc. # 1-3) alleges fraud and breach of contract relating to employment offers made by Defendants to Plaintiffs. Stated briefly, Defendants courted Plaintiffs in an attempt to hire them; Plaintiffs accepted and quit their jobs. The proposed

arrangement never materialized, however, and Plaintiffs found themselves out of work. In the *ad damnum* clause of the Complaint, Plaintiffs seek an unspecified amount of compensatory and punitive damages.

Nearly six months after the suit was originally filed, Plaintiffs' counsel sent an email to Defendants' counsel, which stated: "I think my clients would accept $250K but doubt mr lilly could get there-will wait to hear from you-thanks!" (Doc. # 1-2.) Inferring from this email that federal jurisdiction exists, Defendants filed their Notice of Removal (Doc. # 1) on January 25, 2012. Plaintiffs timely moved to remand on February 24, 2012.

## II. STANDARD OF REVIEW

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095. "In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citing *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998)).

### III.  DISCUSSION

Plaintiffs miscomprehend the bifurcated removal approach set forth by Congress in 28 U.S.C. § 1446(b).  As set forth in the plain language of the statute, a state court defendant may remove a case to federal court at two procedurally distinct moments in time.  First, if it is facially apparent from the initial pleading that subject matter jurisdiction exists, § 1446(b)(1) provides the procedure for removal.  *See, e.g., Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010); *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  Such a removal must be accomplished "within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action is based . . . ."  § 1446(b)(1).  However, "[i]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ."  § 1446(b)(3); *see also Lowery v. Ala. Power Co.*, 483 F.3d 1184 (11th Cir. 2007).

Because the jurisdictional amount was not facially apparent from the Complaint, the removal in this case was properly effected under § 1446(b)(3), within thirty days of the receipt of an "other paper."  Defendants contend that the "other paper" from which it first ascertained the removability of the case is the above-recited email from Plaintiffs' counsel, which makes a non-committal settlement offer for $250,000.

3

Under § 1446(b)(3), "a case becomes removable [as a procedural matter] when three conditions are present: there must be (1) 'an amended pleading, motion, order or other paper,' which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can 'first ascertain' that federal jurisdiction exists." *Lowery*, 483 F.3d at 1213 n.63. As set forth in *Lowery*, the "other paper" received from the plaintiff in a § 1446(b)(3) removal must "unambiguously establish federal jurisiction." *Id.* at 1213; *see also Exum v. State Farm Fire & Cas. Co.*, No. 2:11cv206, 2011 WL 5155827, at *4-6 (M.D. Ala. Oct. 31, 2011) (Fuller, J.) (published) (interpreting *Lowery*'s heightened "unambiguously establish" procedural standard as replacing the substantive preponderance of the evidence standard in a § 1446(b)(3) amount-in-controversy removal when a plaintiff timely moves to remand). All three of *Lowery*'s procedural conditions are easily satisfied. Demand letters, settlement offers, and even emails estimating damages may constitute "other paper." *Id.* at 1212 n.62. Plaintiffs' counsel's statement that he "thinks" his client would accept $250,000 is part-settlement offer part-damages estimate. Either way, the email is "other paper" and a proper basis for a § 1446(b)(3) removal. Second, the email complies with *Lowery*'s "receipt from the plaintiff" rule, as it was authored by Plaintiffs' counsel. Finally, the email complies with *Lowery*'s "unambiguously establish" standard for "other paper" removals which is used where, as here, the plaintiff preserves a procedural challenge to the removal by timely moving to remand. *See Exum*, 2011 WL 5155827, at *5-6.

When considering a demand letter as evidence of the amount in controversy, the court should leave some room for posturing, but also should view the amount demanded as relevant evidence of the true amount in controversy. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994) ("While [a] settlement offer, by itself, may not be determinative, it counts for something."). Furthermore, the Eleventh Circuit has instructed the district courts to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the removal evidence. *Roe v. Michelin N.A., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010).

In this case, the amount demanded, $250,000, cannot be aggregated to satisfy the amount in controversy. *See Smith v. GTE Corp.*, 236 F.3d 1292, 1300 n.6 (11th Cir. 2001) ("Generally, when plaintiffs join in one lawsuit, the value of their claims may not be added together, or 'aggregated,' to satisfy the amount in controversy requirement for diversity juridiction."). Assuming that $125,000 (one half) can be fairly attributed to each plaintiff, this amount is still approximately 166% percent of the required amount in controversy under § 1332. By itself, the Court would, perhaps, consider the $125,000 number to fall within the region fairly encompassed as posturing. *See Cross v. Wal-Mart Stores, East, LP*, No. 7:11cv21, 2011 WL 976414, at *2 (M.D. Ga. March 17, 2011) ("Here, the Court believes that the $125,000 settlement offer is not an honest assessment of damages. The settlement demand was made before the Plaintiff's complaint was filed, making it more likely that the Plaintiff's attorney was posturing for settlement purposes."). In this case, the email was sent approximately six months after the Complaint was filed. Furthermore, the language

5

employed by Plaintiff's counsel in the email suggests that it is in doubt as to whether Plaintiffs would actually settle for $250,000. Thus, a fair reading of the email is that $125,000 is at or near the low end of what each Plaintiff would accept as a settlement. Finally, and of particular note, is Plaintiffs' complete lack of argument in the motion to remand that the email does not reflect an accurate measurement of the true value of the case. The Court considers this to be an abandonment or waiver of any presumption that the $250,000 figure was posturing. The combination of these factors leads the Court to conclude that the email sent by Plaintiffs' counsel unambiguously establishes the amount in controversy. Accordingly, Plaintiffs' motion to remand is due to be denied.

## IV. CONCLUSION

For the reasons set forth above, it is ORDERED that Plaintiffs' Motion to Remand (Doc. # 6) is DENIED.

DONE this 21st day of March, 2012.

/s/ Mark E. Fuller<br>
UNITED STATES DISTRICT JUDGE